# Geiger v. Zelenkofske

C.P. of Lehigh County, no. 1999-C-2582V.

*Nancy H. Fullam,* for plaintiffs.

*George M. Nace III,* for defendants Zelenkofske, Constantin and Heart Care Group.

*Timothy T. Stevens,* for defendant Lehigh Valley Hospital.

WALLITSCH, *J.,* August 16, 2001—The issue raised by defendants' motion for protective order relates to the troubling language of the Pennsylvania Peer Review Protection Act, 63 P.S. §425.1 et seq. Defendants claim that plaintiffs' request for the defendant physicians' applications for staff privileges, their credential files, and the complication rate for electrophysiology laboratory procedures are protected by this Act. For the reasons set forth below, we disagree.

This is a medical negligence action in which the plaintiff, Russell Geiger, suffered catastrophic injuries allegedly from the medical care provided to him by the defendants during his admission to the Lehigh Valley Hospital in the fall of 1997. It alleged that Dr. Zelenkofske was negligent in the placing of a permanent pacemaker in Mr. Geiger and that Dr. Zelenkofske tore the left subclavian vein during this procedure. It is alleged that Dr. Constantin and the Heart Care Group P.C. failed to oversee and supervise the actions of Dr. Zelenkofske. It is also alleged that the Lehigh Valley Hospital is liable under a corporate liability theory, alleging that it failed to properly control Dr. Zelenkofske's practice at the hospital.

The confidentiality provisions of the PPRPA, 63 P.S. §§425.1-425.4 have been the subject of extensive discussion and judicial review. Unfortunately, this was necessitated by the general wording of these provisions and the lack of definitive appellate court interpretation to date.[1]

The PPRPA does not specifically delineate what information is protected from discovery by the privilege created by the legislation and what information is discoverable. Moreover, it was adopted prior to the Pennsylvania Supreme Court recognizing a cause of action for corporate liability on the part of a hospital in *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1991). Therefore, we must both attempt to interpret the vague

---

1. While many believe that fewer lawyers should be in state legislatures, one wonders whether legislators with a greater appreciation of the difficulties with vague statutory language would have voted for the PPRPA.

provisions of the confidentiality sections of the PPRPA and consider them in light of the policy of the Commonwealth, as set forth by the Pennsylvania Supreme Court, concerning corporate liability on the part of a hospital.

The plaintiffs request three separate types of items from the defendants: (1) the applications for staff privileges filed by the individual doctors; (2) the individual doctors' credential files; and (3) the complication rates for the electrophysiological lab procedures done by Dr. Zelenkofske. Each must be considered in turn.

Plaintiffs claim that Lehigh Valley Hospital failed to properly evaluate the two individual physicians for privileges at the hospital. The courts of common pleas of the Commonwealth of Pennsylvania have been divergent on this issue. We believe that the better reasoned cases are those that have permitted discovery of the applications for staff privileges. As the Washington County Court of Common Pleas indicated in *Fowler v. Pirris*, 34 D.&C.3d 530, 535 (1981), "a recital in the applicant's own words of what qualifications he believes he has that would entitle him to a staff position" should not be protected by the PPRPA since this information is critical in proving corporate negligence. This information would also seem very relevant concerning the physician's knowledge and skill in performing such procedures as the Cumberland County Court of Common Pleas concluded in *Fuller v. Jackson*, 50 D.&C.3d 628 (1987).

Defendants cite to the only potentially relevant appellate court case in support of their motion for protective order. That case, *Young v. Western Pennsylvania Hospital*, 722 A.2d 153 (Pa. Super. 1998) is not dispositive of this case. The three-judge panel of the Pennsylvania Su-

perior Court apparently concluded that the discovery requests in that case were too "open-ended" and that was the reason for their decision. We do not read that case as being conclusive on the issue as to whether the request for applications for staff privileges, when specifically requested as in this case, should be prohibited. We must remember that the Pennsylvania Supreme Court established a cause of action for corporate negligence of hospitals for failure to properly hire or supervise physicians, or grant them privileges, and to prohibit the plaintiffs from securing this information make that cause of action a practical nullity.

Plaintiffs also seek the credential files for the individual physicians. We believe that such decisions as that authored in *Nelson v. Landsberg M.D.* by Judge Maier of the Philadelphia County Court of Common Pleas (February term 1991, no. 1860) (March 26, 1993), permitting discovery of, inter alia, the credential files of the defendant physician, is a well reasoned decision which we support. For essentially the same reasons mentioned above concerning the applications for staff privileges, we deny defendants' motion for protective order.

Lastly, defendants seek to preclude discovery of the complication rates of the procedures performed by Dr. Zelenkofske in the electrophysiological lab. I have previously held, in *Gilbert v. Sacred Heart Hospital* (Court of Common Pleas, Lehigh County, nos. 90-C-0312, 91-C-1018, 93-C-1679) (May 2, 1995), that a document prepared in the ordinary course of a hospital's routine care of patients and also reviewed for peer review purposes falls under the exception rather than the main confidentiality provisions of the PPRPA. Going further, I

held that records prepared by an independent administrative officer for different purposes, not limited to peer review, was discoverable. I have no indication from what was submitted to me that the complication rates were prepared solely for peer review purposes and, therefore, hold that they, too, are discoverable. The relevancy of such studies is clear, both from the standpoint of the negligent claims against Dr. Zelenkofske as well as the corporate negligent claims against the hospital.

## ORDER

And now, August 16, 2001, upon consideration of the motion for protective order filed on behalf of the defendants, Steven Zelenkofske D.O., Luis Constantin M.D., and Heart Care Group P.C., and joined in by defendant Lehigh Valley Hospital, and for the reasons set forth in the accompanying opinion, said motion for protective order is denied.